**Jagpal SINGH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74378.

Agency No. A79–264–008.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 10, 2005.

George T. Heridis, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Alison Marie Igoe, U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**740**

MEMORANDUM***

Jagpal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we grant the petition.

Substantial evidence does not support the BIA's adverse credibility finding. The BIA based the credibility finding on a date discrepancy and petitioner's failure to provide corroboration to support his testimony. Because a minor date discrepancy cannot support an adverse credibility finding, *see Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000), and petitioner is not required to provide corroboration to support his claim, *see Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000), the credibility finding is not supported.

Accordingly, we conclude that substantial evidence does not support the credibility determination and deem petitioner credible. We remand for the BIA to consider the merits of petitioner's asylum, withholding of removal, and CAT claims. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED AND RE-MANDED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

